IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SAUNDRA L. WHITE
    Reg. No. 56476-037

    Petitioner,
v.                                                  Case No. 5:22-cv-207/TKW/MAL

WARDEN HUDGINS, ET AL.

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner Saundra L. White's petition for writ of habeas corpus under § 2241 was transferred to this court from the Northern District of West Virginia on September 15, 2022. On September 19, 2022 the court entered an order directing Petitioner to file an amended § 2241 petition. Doc. 9. On September 27, 2022, the court directed the clerk to re-send the order to Petitioner at a new address provided by the transferring court and extended the deadline for filing the amended petition to October 27, 2022. Doc. 12. On October 31, 2021, the court entered an order directing Petitioner to show cause why the petition should not be dismissed for her failure to comply with the court's order. Doc. 14.

On November 4, 2022, the clerk received and docketed a Notice of Appeal directed to the Fourth Circuit Court of Appeals indicating Petitioner wanted to

appeal the September 15, 2022 order transferring her petition to this court. Doc. 17. Petitioner also served a copy of this pleading on the U.S. District Court for the Northern District of West Virginia. The court took no action on her submission because the order Petitioner wished to appeal did not originate in this court and also because an order transferring a postconviction petition to another district court is not an appealable order. *See Middlebrooks v. Smith,* 735 F.2d 431 (11th Cir. 1984); *Carreras v. Federal Bureau of Prisons*, 5 F. App'x 247 (4th Cir. 2001). Petitioner was advised that she needed to respond to the court's prior orders, on or before November 18, 2022 or her case would be dismissed without prejudice. Doc. 16. Petitioner has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with court orders necessary for the continuation of her case, her petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner White's petition under 28 U.S.C. § 2241 be dismissed without prejudice; and

2. The clerk be directed to close the file.

DONE AND ORDERED on November 29, 2022.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge